```
                                                        FILED
                                                U.S. DISTRICT COURT
                                                  BRUNSWICK DIV.
    IN THE UNITED STATES DISTRICT COURT         2006 SEP 19 P 2: 21
     FOR THE SOUTHERN DISTRICT OF GEORGIA
              BRUNSWICK DIVISION                CLERK J. LaVictoire
                                                  SO. DIST. OF GA.
```

JOHNNY E. YEOMANS, III,

      Plaintiff,

v.                                          CIVIL ACTION NO.: CV206-164

WAYNE BENNETT, Sheriff; RON
CORBETT; LUISE NEWSOME;
RANDY AUSTIN; Sgt. PACHECO;
Sgt. JURAN; Sgt. COOPER;
T. J. KIDDER, and Dr. GUNDERSON,

      Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at the Glynn County Detention Center in Brunswick, Georgia, has filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim

upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that he requested medical attention and psychological help. Plaintiff also asserts that he was without clothing, hygiene items, and his restricted diet for a week. However, Plaintiff does not allege which named Defendants were responsible for these actions. A Plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has not met this requirement, his Eighth Amendment claims should be dismissed.

Plaintiff contends that Defendant Kidder asked him if he still wanted to kill himself. Plaintiff alleges that Defendant Kidder also accused him of manipulating the system and threatened Plaintiff. Plaintiff also alleges that Defendant Juran taunted him. A Plaintiff

2

states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a person acting under color of state law. Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000). Plaintiff has failed to allege that Defendants Kidder and Juran violated his constitutional rights.

Finally, Plaintiff alleges that his attempts to pursue matters through the grievance procedure have been ignored. Plaintiff contends that Defendant Austin, Newsome, Corbett, and Bennett violated his right to due process. An inmate states a cognizable claim for the deprivation of his procedural due process rights under the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process. Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994). Even assuming as true Plaintiff's contentions, he has failed to show at least the third of these prongs (constitutionally inadequate process), as he was able to file the instant cause of action.

## CONCLUSION

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

So **REPORTED** and **RECOMMENDED**, this ___19th___ day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev. 8/82)